UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| DWAUNE J. GRAVELY, SR., | |
| Plaintiff, | Civil Action No. 7:08-53-KKC |
| v. | |
| FEDERAL BUREAU OF PRISONS, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

***** ***** ***** *****

Plaintiff Dwaune Gravely[1] is a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Gravely has filed a *pro se* civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted his motion to pay the filing fee in installments by separate Order. [R. 8]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Gravely's Complaint is reviewed under a more lenient standard because he is not represented by an attorney. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this juncture the Court assumes that his factual allegations are true and construes his legal claims liberally. *Urbina v. Thoms*,

---

[1] In his Complaint, the Plaintiff states that his name is "Dwaune J. Gravley, Sr." This spelling of his name is used in two other civil cases brought by Plaintiff in this Court, as well as in a prior appeal before the Third Circuit Court of Appeals. *Dwaune Gravley v. Adams*, 06-CV-260-GFVT, Eastern District of Kentucky; *Dwaune Gravley v. Big Sandy Institution*, 08-CV-140-ART, Eastern District of Kentucky; *Dwaune Gravley v. Speranza*, 06-1592, Third Circuit Court of Appeals. However, Plaintiff's last name is spelled "Gravely" in the Certificate of Inmate Account provided by the Federal Bureau of Prisons ("BOP"), on the BOP's website, and in a criminal prosecution against the Plaintiff currently before this Court. *See* [R. 6 herein]; *United States v. Dwaune Gravely*, 09-CR-13-GFVT, Eastern District of Kentucky. Finally, Plaintiff's first name is spelled "Dwuane" and his last name is spelled "Gravely" in the criminal case which led to his current incarceration, as well as in a civil rights action he filed in New Jersey. *United States v. Dwuane Gravely*, 02-CR-642, District of New Jersey; *Dwuane Gravely v. Speranza*, 02-CV-5594, District of New Jersey. The Court will use the name maintained by the BOP in this proceeding and direct the Clerk of the Court to modify the docket in this case accordingly, as well as to make appropriate alias notations in other proceedings before this Court.

270 F.3d 292, 295 (6th Cir. 2001). The Court will dismiss a claim, however, if it concludes that it (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

I.      **Factual Background**

In the evening of July 30, 2001, while fleeing police on foot following a home invasion in Bridgeton, New Jersey, Gravely shot at police officers and a bystander with a Uzi 9mm machine gun. Police returned fire, hitting Gravely in the shoulder, but he continued to flee through a parking lot. Gravely then approached a vehicle stopped at a stoplight, and obtained entrance to the vehicle by pointing the gun at the driver's head. The vehicle was also occupied by the driver's spouse and their 20-month old child. As police approached the vehicle, Gravely attempted to hide on the floorboard, but was subsequently shot several additional times on his left side as police apprehended him. *See Gravely v. Speranza*, 02-CV-5594, District of New Jersey [R. 70 therein (Order dismissing civil rights claims against arresting officers and prosecutors)]

Medical records provided by Gravely indicate that received immediate and extensive medical care for his serious injuries, which included multiple surgeries to restore proper lung function, remove bullet fragments, insert and secure metal plates, and repair nerve and tissue damage. Gravely remained hospitalized until at least September of that year.

On November 21, 2003, Gravely was convicted by a jury of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); use of a machine gun during the commission of a violent crime in violation of 18 U.S.C. §§ 924(a)(1); carjacking in violation of 18 U.S.C. § 2119; and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

Gravely was sentenced to a cumulative term of 75 years incarceration to be followed by a 5-year term of supervised release. *United States v. Gravely*, 02-CR-642, District of New Jersey [R. 61, 72 therein][2]

## II.  Discussion

Gravely filed his Complaint in this action on March 18, 2008. [R. 2] The Complaint consists primarily of conclusory allegations that one or more of the Defendants violated Gravely's constitutional rights, although certain claims are supported by more specific factual allegations. Additional insight with respect to the factual basis for his claims has been obtained through review of the substantial documentation which has been attached as exhibits to the Complaint. [R. 2, Exh. 1-6] In sum, Gravely complains that excessive force was used against him during an incident with guards in 2006; he has been subjected to verbal and psychological abuse; he has not received adequate treatment for his medical conditions; his food has been tampered with; his cell is either too hot or too cold and lacks its own toilet; he has been held in administrative segregation for over 20 months at various institutions without a hearing or an adequate explanation; and such segregation has interfered with his efforts to directly and collaterally attack his conviction.

Having reviewed the Complaint and that documentation, the Court concludes that some of Gravley's claims must be dismissed while others require additional information from the Plaintiff before proceeding.

---

[2] Gravely is also subject to criminal proceedings currently before this Court. He is charged with conspiracy to commit murder, first degree murder, and assault related to the death by strangulation of his cellmate at USP-Big Sandy in November 2006, as well as witness intimidation and obstruction of justice. *United States v. Gravely*, 09-CR-13-GFVT, Eastern District of Kentucky [R. 1 therein].

A. *Federal Tort Claims Act*.

Gravely first asserts a claim against the BOP under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), for the negligent and intentional acts of several BOP employees. The FTCA constitutes a limited waiver of the sovereign immunity enjoyed by the United States, permitting suits sounding in tort against the United States for acts committed by its agents within the scope of their employment. *J.D. Pflaumer v. United States Dept. of Justice*, 450 F.Supp. 1125 (E.D. Pa. 1978).[3] However, the FTCA permits the exercise of subject matter jurisdiction over such a claim only if the plaintiff has already presented his or her claim to the agency for administrative settlement and the agency has denied the request. 28 U.S.C. § 2675(a); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). If the putative plaintiff failed to file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States. *McNeil v. United States*, 508 U.S. 106 (1993).

The plaintiff bears the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The Court has a continuing duty to satisfy itself that subject matter jurisdiction is present, and accordingly may raise the issue at any time during the course of an action. FED. R. CIV. P. 12(b)(1), 12(h)(3); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). Once challenged, the plaintiff bears the burden of establishing that subject matter jurisdiction is present. *Thomason v. Gaskill*, 315 U.S. 442 (1942). In this case, Gravley has not alleged that he sought administrative settlement of any claim under the FTCA with the BOP prior to filing suit and that the BOP denied his claim, nor has he filed documentation to

---

[3] Because the United States is the only proper defendant to a claim under the FTCA, 28 U.S.C. § 2674, the United States will be substituted for the BOP as Defendant in this action. *Federal Deposit Ins. Corp. v. Blackburn*, 109 F.R.D. 66, 68 (E.D. Tenn. 1985).

4

this effect into the record. Gravely will therefore be required to file such documentation into the record within 30 days. In the absence of documentation demonstrating that Gravely administrative exhausted his FTCA claim prior to filing suit, the Court must dismiss the claim without prejudice for lack of subject matter jurisdiction.

  B.  Claims Arising Outside of Kentucky.

Gravely has named four individuals who do not reside in Kentucky as defendants in this action. These include Warden Terry O'Brien and Lieutenant Hapney of the United States Penitentiary-Lee in Jonesville, Virginia, as well as Associate Warden Small and Correctional Officer Gibson of the Federal Correctional Institution-Beckley in Beckley, West Virginia. The allegations of the Complaint indicate that Gravely complains only of actions taken by these individuals performing within the scope of their employment when he was incarcerated at each of these out-of-state institutions. The allegations of the Complaint therefore establish that this Court lacks personal jurisdiction over these Defendants, who were neither physically located in the Commonwealth of Kentucky nor directed their conduct towards the state. Because these defendants do not have any, let alone minimum, contacts with Kentucky required to establish personal jurisdiction under the Due Process Clause, the claims against them must be dismissed without prejudice. *Turner v. Ramirez*, 194 F.3d 1314 (6th Cir. 1999) (*citing Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991)); *see also Thomas v. Ashcroft*, 470 F.3d 491, 495-96 (2nd Cir. 2006) (district court in New York lacked personal jurisdiction over DEA agents in California for *Bivens* claims arising from their conduct during arrest in Los Angeles); *Bailey-El v. Federal Bureau of Prisons*, 246 Fed. App'x 105, 108 (3rd Cir. 2007) (affirming dismissal of individual out-of-state BOP defendants for lack of personal jurisdiction).

C. <u>Supervisory Liability Claims</u>.

Gravely has named as defendants in this action Kim White, the Regional Director of the BOP's Mid-Atlantic Regional Office ("MARO"), and Suzanne Hastings, Brian Patton, and Karen Hogsten, each of whom served as a warden of one of the federal prisons in Kentucky during some portion of Gravely's stay there. Gravely alleges that each of these individuals "was responsible for the terms and conditions under which Plaintiff was confined ... and for supervising, hiring, and training officers..." Gravely makes no allegation that these officials were personally or directly involved in the conduct which violated his civil rights, but rather alleges that they were responsible for the conduct and actions of guards and officers under their supervision.

The law is clear that for a government official to be held personally liable under the civil rights laws, they must be directly and personally involved in the deprivation of constitutional rights. *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86, 2003 WL 22905316, \*1 (6th Cir. 2003) (the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights.") (unpublished disposition) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). With respect to these defendants, Gravely does not allege, nor would the record support an allegation, that any of these individuals was personally involved in the conduct

about which complains or knowingly condoned it. The *Bivens* claims against these individuals must therefore be dismissed for failure to state a claim.

        D.      <u>Excessive Force Claim</u>.

Gravely alleges that on August 25, 2006, Defendants Tuttle and Adams fired plastic bullets at him and his cellmate and threw flash grenades into their cell after his cellmate "emptied a container of liquid outside the [food] tray slot." Gravely contends this conduct constituted the excessive use of force by the BOP officers, and that the medical care he received after the incident was inadequate. These events formed the basis for the Complaint Gravely filed in *Gravley v. Adams*, 06-CV-260, Eastern District of Kentucky, which was subsequently dismissed without prejudice on January 4, 2007, for failure to exhaust administrative remedies prior to filing his Complaint. [R. 6, 7 therein]

In his current Complaint, contrary to his prior allegations, Gravely indicates that he filed several grievances regarding this event, but that they were either destroyed or went unanswered. Whatever the status of Gravely's efforts to exhaust this claim, it suffers from a more fundamental, indeed fatal, defect: it is barred by the statute of limitations. The statute of limitations to assert a civil rights claim for events occurring in Kentucky is one year. KRS 413.140(1)(a); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). The events transpired on August 25, 2006, and Gravely's March 18, 2008, Complaint was therefore filed well past the one-year statute of limitations, and is therefore time-barred.

E. <u>Medical Care and Administrative Segregation Claims</u>.

Gravely's final two claims allege that the BOP has not provided adequate and timely medical care for his left wrist and elbow, and that he has been held in administrative segregation for an excessive period without adequate justification. While it appears questionable whether Gravely administratively exhausted these claims or whether there is sufficient substance behind his conclusory allegations to ultimately warrant any relief, the record before the Court is currently insufficient to make these determinations. The Court will therefore direct service of summons upon the remaining Defendants. Because the Court has previously granted Gravely's motion to proceed *in forma pauperis*, an Officer of the Court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d). The Pikeville Clerk's Office and the Office of the United States Marshal ("USM Office") will be directed to serve the summons and Complaint as set forth below.

### III. Conclusion

1. The Clerk of the Court shall modify the docket to correct the spelling of Plaintiff's name to "Dwaune Gravely," and to note that Plaintiff is "also known as" "Dwaune Gravley" and "Dwuane Gravely." The Clerk of the Court shall also make corresponding notations in *Dwaune Gravley v. Adams*, 06-CV-260-GFVT, Eastern District of Kentucky and *Dwaune Gravley v. Big Sandy Institution*, 08-CV-140-ART, Eastern District of Kentucky.

2. The United States of America shall be **SUBSTITUTED** for Defendant Bureau of Prisons in this action.

3. Within 30 days, Gravely must file documents into the record which demonstrate that he presented his FTCA claim to the BOP for administrative settlement and that such request was denied. The Court will dismiss the FTCA claim without prejudice for lack of subject matter

jurisdiction if such documentation is not timely filed or demonstrates that administrative remedies have not been properly and completely exhausted.

4. The claims against Warden Terry O'Brien; Lieutenant Hapney; Associate Warden Small; and Correctional Officer Gibson are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

5. The claims against Defendants Kim White; Suzanne Hastings; Brian Patton; and Karen Hogsten are **DISMISSED WITH PREJUDICE**.

6. Gravely's excessive force claim against Defendants Tuttle and Adams is **DISMISSED WITH PREJUDICE**.

7. A Deputy Clerk in the Pikeville Clerk's Office shall prepare the documents necessary for service of process upon the following in this action:

   a. The United States of America;
   b. The Federal Bureau of Prisons;
   c. Physician's Assistant Slone;
   d. Physician's Assistant Bahdrah;
   e. Captain Bobby Gourdoza;
   f. Lieutenant Adams;
   g. Correctional Officer Tuttle; and
   h. Unit Manager Kelly.

8. For each identified defendant, the Deputy Clerk shall prepare a "Service Packet" consisting of the following documents:

   a. a completed summons form;
   b. the Complaint [Record No. 2];
   c. the Order granting Plaintiff *in forma pauperis* status [R. 8];
   d. this Order; and
   e. a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

    9.    Service of process shall be directed as follows:

        a.    Service upon the United States of America shall be made by sending a Service Packet by certified or registered mail to:

            I.    the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and

            ii.    the Office of the Attorney General of the United States in Washington, D.C.

        b.    Service upon the Federal Bureau of Prisons shall be made by sending a Service Packet by certified or registered mail to:

            I.    the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

            ii.    the Office of the Attorney General of the United States in Washington, D.C.; and

            iii.    the Central Office of the Federal Bureau of Prisons in Washington, D.C.

        c.    Service upon Physician's Assistant Slone; Physician's Assistant Bahdrah; Captain Bobby Gourdoza; Lieutenant Adams; Correctional Officer Tuttle; and Unit Manager Kelly shall be made by providing the USM Office in Lexington, Kentucky with a Service Packet to be personally served upon each at the United States Penitentiary-Big Sandy in Inez, Kentucky through arrangement with the Federal Bureau of Prisons.

    10.    The Pikeville Deputy Clerk shall send the Service Packet for each identified defendant by certified mail to USM Office in Lexington, Kentucky. The Deputy Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

11. The USM Office shall serve a Service Packet upon each identified defendant in the manner described in Paragraph 9 above. The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

12. Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to each identified defendant.

   a. For each defendant to be served by certified mail, the Service Report shall include:

      i. a copy of the green card showing proof of service; or

      ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

   b. For each defendant to be personally served, the Service Report shall indicate:

      i. that the defendant was successfully served personally, or

      ii. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

13. The Plaintiff shall immediately advise the Pikeville Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case**.

14. The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Pikeville Clerk's Office. ***The Court will disregard correspondence sent directly to the judge's chambers.***

15. With every notice or motion filed with the Court, the Plaintiff *must*:

      a.      mail a copy to each Defendant (or his or her attorney); and

      b.      at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done. *The Court will disregard any notice or motion which does not include this certification.*

Dated this the 15th day of July, 2009.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**